IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT A. MARSHALL,

    Plaintiff,

v.   No. 1:25-cv-00063-SCY

CITIBANK,

    Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 22, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 22, 2025.

### Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months is $1,500.00; and (ii) his monthly expenses total $1,831.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses exceed his monthly income.

## Order to Show Cause

Plaintiff alleges he discovered fraudulent activity on his account involving a credit card and notified TransUnion and Defendant Citibank. *See* Complaint at 1. Plaintiff further alleges TransUnion and Citibank both failed to conduct investigations and did not provide documentation to validate the debt. *Id.* at 2-3. He asserts Citibank falsely reported the alleged debt to the credit bureaus. *Id*. The Complaint brings three causes of action, all of which fail to state a claim upon which relief can be granted.

First, Plaintiff asserts a claim pursuant to 15 U.S.C. §§ 1692g and 1692e of the Fair Debt Collection Practices Act ("FDCPA"). Section 1692g imposes certain requirements on debt collectors if a consumer notifies the debt collector that the debt is disputed. Section 1692e prohibits debt collectors from using false or misleading representations in connection with the collection of any debt. Plaintiff has not shown that Citibank is a debt collector within the meaning of the FDCPA.

> In order to be subject to liability under the FDCPA, the person attempting to collect a debt must be a "debt collector." 15 U.S.C. § 1692e. The FDCPA excludes entities attempting to collect debts owing to them from the definition of debt collector as long as the collector does not use a name that might lead a debtor to believe a third party had become involved in the collection effort. 15 U.S.C. § 1692a(6).

*Daros v. Chase Manhattan Bank*, 19 F. App'x 26, 27 (2d Cir. 2001); 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include [] any officer or employee of a creditor while, in the name of the creditor, collect[s] debts for such creditor."). There are no allegations that Citibank took any actions that could be construed as an attempt to collect a debt from Plaintiff.

Second, Plaintiff asserts a claim pursuant to 26 U.S.C. § 6050P, Returns relating to the cancellation of indebtedness of certain entities, of the Internal Revenue Code. *See* Complaint at 3. This statute governs the reporting of certain transactions to the IRS. The Complaint does not explain how Section 6050P is applicable to this case. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Third, Plaintiff asserts a claim for "Collection of extension of credit (18 USC 894)" and "Securities Fraud (15 USC 78ff)." Complaint at 3-4. Sections 894 and 78ff are criminal statutes. 18 U.S.C. § 894 (prohibiting collection of extensions of credit by extortionate means); 15 U.S.C. § 78ff (setting forth penalties for violations under the Securities Exchange Act of

3

1934). The complaint therefore fails to state a claim under these statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Thus, the Court orders Plaintiff to show cause why the Court should not dismiss his lawsuit. If Plaintiff asserts the Court should not dismiss his lawsuit, Plaintiff must file an amended complaint.

Lastly, although the Complaint references grievances against TransUnion, it does not assert a claim against TransUnion. *See* Complaint at 1-2. If Plaintiff is asserting a claim against TransUnion, the amended complaint must clearly indicate so, cite the legal and factual basis for the claim, and name TransUnion in the caption.

## Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

## Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

4

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website (http://www.nmd.uscourts.gov).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 22, 2025, is **GRANTED.**

  (ii)  Plaintiff shall, within **21 days of entry of this Order**: (a) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above; and (b) file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**