IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT A. MARSHALL,

    Plaintiff,

v.                                                         Civ. No. 25-63 WJ/SCY

CITIBANK, TRANSUNION,
EXPERIAN, and EQUIFAX,

    Defendants.

## ORDER GRANTING MOTIONS TO STAY

    Plaintiff brings this suit alleging that he informed Citibank and the credit reporting agencies ("CRAs")—Trans Union, Experian, and Equifax—about fraudulent activity carried out under his name, but all have failed to properly investigate the fraudulent activity. Doc. 14 (operative complaint). Shortly after appearing in the case, Citibank filed a motion to compel arbitration, requesting that the Court compel arbitration and dismiss Plaintiff's claims against Citibank. Doc. 42. Presently before the Court are two motions to stay pending resolution of the motion to compel arbitration. Docs. 68, 69. For the reasons discussed below, the Court grants a stay of discovery as to all parties.

## LEGAL STANDARD

    This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*,

485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). Whether to issue a stay is a balancing test within the district court's discretion, assessing a party's interest in a stay against the harm of a stay. *Clinton v. Jones*, 520 U.S. 681, 706-08 (1997).

## ANALYSIS

1. <u>Citibank's Motion to Stay</u>

On August 26, 2025, Citibank filed a "Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration and to Dismiss Proceedings," seeking a stay of discovery between Plaintiff and Citibank. Doc. 69. Citibank argues that because Plaintiff's "claims against Citibank are subject to arbitration, the proper scope of discovery should be determined by the Arbitration Agreement, the American Arbitration Association rules, and the arbitrator," and that Citibank "should not be compelled to engage in discovery before the threshold issue of arbitrability is decided." *Id.* at 1-2.

Although the motion notes that Plaintiff does not consent to the requested stay, *id.* at 2, Plaintiff did not file a response to the motion and his time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a). Plaintiff therefore consents to granting the motion. *See* D.N.M. LR-Civ. 7.1.(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). !

The Court also agrees with Citibank that a stay of discovery is appropriate while the threshold issue of which forum will hear the case (this Court or an arbitrator) is pending. *See, e.g.*, *Waltrip v. Pilot Travel Centers LLC*, No. 2:21-CV-642 GBW/KRS, 2021 WL 6693841, at *2 (D.N.M. Dec. 14, 2021) (collecting cases and holding that "if discovery in this matter is stayed pending resolution of the Motion to Compel Arbitration, the parties will not unnecessarily

expend time and resources litigating pursuant to a discovery plan that may ultimately be set aside in favor of the discovery process outlined in the arbitration agreements or established by an arbitrator"). Accordingly, the Court grants Citibank's motion to stay discovery. !

2. <u>CRAs' Motion to Stay</u>

Also before the Court is "Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC's Opposed Joint Motion to Stay Pending Citibank's Motion to Compel Arbitration," filed August 25, 2025. Doc. 68; *see also* Doc. 70 (response).[1] The CRAs did not file a reply, and their time to do so has expired.[2] *See* D.N.M. LR-Civ. 7.4(a). As such, briefing is complete on this motion. *See* D.N.M. LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

Although the CRAs are not parties to Citibank's motion to compel arbitration, they argue that, if the case is sent to arbitration, the arbitration will resolve issues such as the accuracy of Citibank's reporting to the CRAs and Plaintiff's damages. Doc. 68 at 3. Such issues, they argue, are intertwined with Plaintiff's claims against the CRAs and so a stay "would promote efficiency, avoid confusion and inconsistency, and would not unduly prejudice any of the parties." *Id.* at 3. The CRAs thus request a stay pending resolution of the motion to compel arbitration, and if the motion is granted, a stay pending the results of the arbitration.

---

[1] Plaintiff filed a joint response to both the CRAs' motion to stay (Doc. 68) and Equifax's motion to consolidate cases (Doc. 67). The response also includes a request for damages, fees, and sanctions. *Id.* at 3. In the present Order, the Court only addresses the arguments regarding the stay. The Court will address the consolidation and damages arguments at a later time.

[2] Experian did file a response to Plaintiff's request for damages contained in Doc. 70, which the Courts does not address in this Order. *See* Doc. 71.

The Court agrees with the CRAs that, if this matter proceeds to arbitration, the arbitrator's decision may have an effect on Plaintiff's claims against the CRAs. Although the arbitrator's decision may not expressly extend to the CRAs, evidence presented during the arbitration decision could be relevant to Plaintiff's claim against the CRAs. Further, having discovery proceed on two separate tracks is less manageable, less efficient, and likely to be more expensive. That is, it would be inefficient to allow discovery to go forward on one track (between Plaintiff and the CRAs) knowing that, if the presiding judge does not grant Citibank's motion to compel arbitration, Citibank must proceed with discovery on a separate track. Because there likely will be overlap in discovery, this raises the potential for multiple depositions of the same witnesses and the need for other duplicative discovery. Similarly, in the event arbitration narrows the issues in this case, engaging in broad discovery now would be wasteful. The Court therefore stays discovery between Plaintiff and the CRAs pending resolution of the motion to compel arbitration, and if granted, pending the outcome of the arbitration.

Lastly, in their motion, the CRAs ask to "stay this matter in its entirety," Doc. 68 at 2, but do not clarify the scope of such a stay. For example, Equifax filed a motion to consolidate that is still being briefed, and Experian and Trans Union indicated at a previous status conference that they may also move for consolidation. Because the scope of the CRAs' motion for a stay is ambiguous, the Court interprets the motion as only seeking a stay of discovery. If the CRAs would like a broader stay, they may move for one. The present Order, however, only operates to stay discovery.

4

## CONCLUSION

For these reasons, Court GRANTS (1) Defendant Citibank, N.A.'s Motion to Stay Discovery Pending Resolution of the Motion to Compel Arbitration and to Dismiss Proceeding (Doc. 69); and (2) Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC's Opposed Joint Motion to Stay Pending Citibank's Motion to Compel Arbitration (Doc. 68). Discovery in this matter is stayed as to all parties pending resolution of the Motion to Compel Arbitration (Doc. 44) and, if arbitration is compelled, stayed pending the outcome of arbitration.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE